### In re Joseph GROTH, Debtor.

### No. 98–51968.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 27, 2001.

---

Thomas C. Lonn, Westerville, OH, for debtor.

Geoffrey J. Peters, Weltman, Weinberg & Reis Co., L.P.A., Columbus, OH, for National City Bank.

Myron N. Terlecky, Columbus, OH, Chapter 7 Trustee.

### OPINION AND ORDER ON MOTION TO REDEEM

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the debtor's motion seeking to redeem a 1983 Sea Sprite boat. National City Bank ("NCB"), the holder of a lien against the boat, objected to the motion. The Court heard the matter on August 21, 2001.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(a). This matter arose in a bankruptcy case and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

Section 722 of the Bankruptcy Code sets out the process by which a debtor may redeem certain tangible personal property which the trustee does not intend to administer. Such redemption requires payment to the lienholder of the amount of its allowed secured claim. It is that amount which is in dispute here.

Only the debtor testified at the hearing on this matter. In his opinion the boat is essentially without value. It has been sitting in his back yard for four years without being operated and is in bad condition. The debtor has received several warnings from the City of Columbus directing him to dispose of the boat. Before he can comply, however, he must have a clear title.

The statement of intention the debtor filed indicated that he intended to surrender the boat to NCB. NCB, however, has refused to permit surrender, has refused to come and get the boat and has refused to permit the debtor to return the boat to the Bank's repossession facility. Although NCB maintains that the boat is worth approximately $2,000 as reflected in an entry from a NADA guide, it has decided that it is not economically feasible to remove it. Nor will NCB agree to remove its lien. It insists that the debtor must go to state court and seek a salvage title. That process would require the debtor to pay NCB the salvage value of the boat. There was no evidence introduced as to what that salvage value would be.

■ The Court finds that a debtor in a chapter 7 case, as part of his fresh economic start, should be permitted to surrender collateral he does not intend to keep. If the secured creditor determines that its collateral is worth less than the cost of taking it into its possession, the

creditor must waive the effect of its lien so that the debtor is able to dispose of the collateral.

 Section 722 may not have been enacted specifically as a process by which the payment of a nominal sum can accomplish that result. Such a proposal, however, is consistent with the legislative intent to provide resolution of the status of secured consumer debt in a chapter 7 case as to property the trustee in bankruptcy does not intend to administer. If surrender is impossible, then a debtor may purchase the creditor's interest by nominal payment under the redemption procedure.

Accordingly, the Court finds that testimony established that the boat owned by the debtor upon which NCB has a lien has no economic value to either party. Therefore, pursuant to 11 U.S.C. § 722, the debtor may redeem the boat by payment of $1 to NCB. NCB then shall release its lien and forward the clear title to the debtor. The debtor then may dispose of the boat and avoid further citations from the governmental authorities.

Based on the foregoing, the debtor's motion to redeem is **GRANTED.**

**IT IS SO ORDERED.**